ROBERT SAFARI
Av. Montilla 316,
Villa Residencia del Prado,
Villas Residencial del Prado, 21355
Mexicali, B.C., Mexico
RSAFARI2015@YAHOO.COM
310-919-8553
Plaintiff in PRO SE



FILED

CLERK, U.S. DISTRICT COURT

06/11/2025

CENTRAL DISTRICT OF CALIFORNIA

BY ___DVE___ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

IFP Submitted

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

**ROBERT SAFARI**,

    Plaintiff,

      vs.

1. **LINDSEY J. MARKS**, an individual;
2. **WELLS FARGO & COMPANY**, a Delaware corporation doing business as Wells Fargo;
3. **SAMANTHA MATHIAS**, in her individual and official capacities as a police officer employed by the Seal Beach Police Department;
4. **BUFFINGTON LAW FIRM, PC**, a California professional corporation;
5. **ROGER BUFFINGTON**, an individual and managing attorney of Buffington Law Firm, PC;
6. **RYE MYTAR**, an individual;
7. **SAM GOLDSTEINE**, an individual;
8. **KRYSTI TORREY**, an individual;
9. **STORAGE VALET, LLC**, a California limited liability company;
10. **DOES 1 through 43**, inclusive.

    Defendants.

**Federal Case No.:** 8:25-cv-01301-FWS-(JDE)
**Superior Court Case No.: 30-2023-01300519-CU-BC-CJC**

**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**[42 U.S.C. § 1983, ADA Title II, WIC § 15610.30, Common Law Torts]

**DEMAND FOR JURY TRIAL**

DATE: June 11, 2025

1. **Violation of Title II of the Americans with Disabilities Act**
   *(42 U.S.C. § 12132)*
   • Against Buffington, Buffington Law, Marks, and Does
   • Denial of accommodations, constructive exclusion, retaliatory obstruction
2. **Civil Rights Violations**
   *(42 U.S.C. § 1983)*
   • Denial of access to court, due process violations, legal retaliation
3. **Financial Abuse of a Dependent Adult**
   *(California WIC § 15610.30)*
   • Taking and concealing assets, business property, client files, intellectual property

4. **Obstruction of Justice**
   *(18 U.S.C. § 1505)*
   • Filing false objections, destroying evidence,
   blocking discovery
5. **Conversion**
   • Theft of vehicles, hard drives, personal
   items, and business records
6. **Fraud**
   • False statements in court, fake TRO claims,
   service misrepresentation
7. **Constructive Eviction**
   • Coercion, removal under color of law,
   threats, and denial of legal process
8. **Breach of Fiduciary Duty**
   • By Marks and prior attorneys withholding
   files, misusing powers
9. **Defamation**
   • Public and legal filings falsely portraying
   Plaintiff as violent/dangerous
10. **False Light**
    • Mischaracterization in pleadings to bias
    courts and deflect scrutiny
11. **Abuse of Process**
    • Misuse of sanctions, motions, and
    demurrers for improper purposes
12. **Malicious Prosecution**
    • Filing meritless motions to intimidate and
    financially burden Plaintiff
13. **Intentional Infliction of Emotional Distress
    (IIED)**
    • Severe trauma, homelessness, and
    displacement caused by Defendants' actions
14. **Negligence**
    • Breach of duty by Wells Fargo and others in
    handling protected assets
15. **Negligent Infliction of Emotional Distress
    (NIED)**
    • Severe distress stemming from Defendants'
    negligence and court abuse
16. **Civil Conspiracy**
    • Coordinated efforts between Buffington,
    Marks, and others to defraud Plaintiff
17. **Declaratory Relief**
    • Declaration of Plaintiff's rights under ADA
    and WIC §§ 15600 et seq.

18. **Injunctive Relief**
   • Prohibit further ADA denials and compel return of files and property
19. **Unjust Enrichment**
   • Defendants retained benefits from illegal conduct and due process violations
20. **Equitable Accounting**
   • Demand for full accounting of all Plaintiff's assets, property, and records taken or retained
21. **Violation of Federal Mail Theft Statute** *(18 U.S.C. § 1708)*
   • Interception and concealment of court orders and legal mail
   • Resulted in deprivation of rights, including ADA access and filing deadlines
22. **Retaliation and Denial of Access to Courts** *(42 U.S.C. § 1983; ADA Title II – 42 U.S.C. § 12132)*
   • Retaliation for ADA filings through blocked service, eFiling suppression, refusal to return files
23. **Violation of California Rules of Professional Conduct – Rule 3.3** *(Candor Toward the Tribunal)*
   • Buffington attorneys knowingly made false and misleading statements to the court
   • Violations support additional claims of fraud, abuse of process, and sanctions
24. **Unlawful Seizure and Deprivation of Property Under Color of Law** *(42 U.S.C. § 1983 – Fourth and Fourteenth Amendments)*
   • Unlawful entry, forced removal, and asset seizure by Marks, Mathias, and Does
   • No warrant, no due process, no court order—deprivation under color of law

DEMAND FOR JURY TRIAL

1

2

3

4

# I: JURISDICTION AND VENUE

Below is the professionally formatted version you should paste **immediately after the "Demand for Jury Trial" and before the Causes of Action**:


## I. JURISDICTION AND VENUE

1. This Court has **subject matter jurisdiction** under **28 U.S.C. § 1331** (federal question jurisdiction), as this action arises under the laws of the United States, including:
   - **42 U.S.C. § 1983** (Civil Rights Act),
   - **42 U.S.C. § 12132** (Americans with Disabilities Act – Title II),
   - **18 U.S.C. §§ 1505 and 1708** (Obstruction of Justice and Mail Theft), and
   - Related federal and constitutional claims.
2. This Court has **supplemental jurisdiction** under **28 U.S.C. § 1367(a)** over Plaintiff's state law claims, including those arising under California's Welfare & Institutions Code § 15610.30, common law torts (conversion, defamation, fraud), and the California Rules of Professional Conduct, as they are so related to Plaintiff's federal claims that they form part of the same case or controversy.
3. **Venue is proper** in the Central District of California under **28 U.S.C. § 1391(b)** because a substantial part of the events and omissions giving rise to the claims occurred in Orange County, California — including Plaintiff's unlawful eviction, the concealment of evidence, interference with filings, and the obstruction of court access.
4. Plaintiff is currently located in Mexicali, Baja California, Mexico, where he was **forcibly displaced due to Defendants' coordinated conduct**. He has continued to litigate pro se under duress and seeks equitable, injunctive, and monetary relief from this Court for constitutional and statutory violations.

## II. PARTIES

1. **Plaintiff Robert Safari** ("Plaintiff") is a natural person residing in Mexicali, Baja California, Mexico. Plaintiff was at all relevant times a resident of Orange County, California, and is currently living in forced exile as a result of the actions of the named Defendants. Plaintiff is a person with a qualified disability under the Americans with Disabilities Act ("ADA") and is also a dependent adult under California Welfare & Institutions Code § 15610.23 due to medical hardship, social isolation, and ongoing civil rights violations. He proceeds in this matter *pro se*.
2. **Defendant Lindsey J. Marks** ("Marks") is a natural person residing in Orange County, California. At all relevant times, Marks was the former housemate, legal adversary, and business associate of Plaintiff. Marks orchestrated and carried out numerous acts of financial abuse, fraud, perjury, constructive eviction, and obstruction of Plaintiff's legal rights. Marks acted individually and in concert with others and is sued in her individual capacity.

3. **Defendant Wells Fargo & Company** ("Wells Fargo") is a Delaware corporation authorized to conduct business in the State of California. At all relevant times, Wells Fargo held financial accounts and vehicle title records affecting Plaintiff's property and failed to recognize or enforce duly recorded Lis Pendens and civil protection rights, thereby enabling the wrongful transfer and concealment of assets.

4. **Defendant Samantha Mathias** ("Mathias") is a natural person employed as a police officer by the Seal Beach Police Department. Plaintiff sues Mathias in her **individual** and **official** capacities. At all relevant times, Mathias participated in the unlawful seizure of Plaintiff's property under color of law and failed to verify or enforce valid court orders, resulting in irreparable harm and violation of Plaintiff's constitutional and statutory rights.

5. **Defendant Buffington Law Firm, PC** ("Buffington Law") is a California professional corporation doing business in Orange County. At all relevant times, Buffington Law represented Defendant Marks and was also a direct participant in the scheme to deny Plaintiff court access, conceal evidence, and mislead the tribunal. The firm is also named for its own independent ethical violations and financial benefit from the underlying misconduct.

6. **Defendant Roger Buffington** is a natural person and the managing attorney and principal of Buffington Law Firm, PC. At all relevant times, Buffington directed the firm's litigation strategies and personally submitted false declarations, objections, and pleadings that materially misrepresented facts, service, and court access, in violation of Rule 3.3 of the California Rules of Professional Conduct. He is sued in his individual capacity.

7. **Defendant Rye Mytar** is a natural person and attorney affiliated with Buffington Law Firm, PC. Mytar directly participated in the obstruction of Plaintiff's filings and knowingly advanced false legal arguments to suppress Plaintiff's ADA claims. Mytar is sued in his individual capacity.

8. **Defendant Sam Goldsteine** is a natural person and attorney affiliated with Buffington Law Firm, PC. Goldsteine knowingly assisted in the submission of fraudulent declarations, abusive discovery tactics, and service misrepresentations. Goldsteine is sued in his individual capacity.

9. **Defendant Krysti Torrey** is a natural person and legal staff member or associate of Buffington Law Firm, PC. At all relevant times, Torrey participated in the concealment of documents, obstruction of court process, and retaliation against Plaintiff's attempts to seek accommodations or due process. She is sued in her individual capacity.

10. **Defendant Storage Valet, LLC** is a California limited liability company operating in Orange County, California. Plaintiff is informed and believes and thereon alleges that Storage Valet received, stored, or concealed Plaintiff's personal and business property unlawfully removed during or after his constructive eviction. Storage Valet acted negligently and/or in concert with other Defendants and is sued for conversion, unjust enrichment, and related claims.

11. **DOES 1 through 43** are persons or entities whose identities are presently unknown to Plaintiff but who participated in or facilitated the acts alleged herein. Plaintiff will amend this Complaint to name each DOE Defendant when their true identities and involvement are ascertained. Each DOE is sued in both individual and official capacities where applicable and acted under color of law, or in concert with the other named Defendants.

# III. STATEMENT OF FACTS

1. Plaintiff Robert Safari is a disabled and dependent adult who resided at a home in Seal Beach, California, that he shared with Defendant Lindsey Marks. In 2022–2023, following escalating disputes involving business ownership, intellectual property, and financial interests, Plaintiff was forcibly and unlawfully removed from his residence, assets, and legal case materials under color of law, based on false statements and manufactured legal filings by Defendant Marks and her agents.

2. On or about November 5, 2022, Plaintiff was subjected to a constructive and coercive eviction initiated by Marks, who falsely claimed there was a court order requiring Plaintiff's removal. Marks had no valid restraining order or eviction judgment, yet she presented false representations to Seal Beach Police, who relied on her claims to force Plaintiff from his residence and deny him access to personal and business belongings.

3. Seal Beach Police Officer **Samantha Mathias**, without any warrant or court order, enforced this removal by ordering Plaintiff to leave the property immediately and refusing him reentry to retrieve essential medical devices, court documents, electronics, and evidence. This unconstitutional seizure was conducted **under color of law**, violating Plaintiff's Fourth and Fourteenth Amendment rights and triggering irreparable harm.

4. Marks was observed entering the premises with two box trucks and multiple individuals, including movers and associates, and removed Plaintiff's business assets, including hard drives, client records, software, proprietary materials, cash, and legal evidence. This occurred under the supervision and inaction of the police, while Plaintiff was forcibly held outside.

5. After the illegal removal, Plaintiff discovered that key documents were missing, destroyed, or withheld, including his client case files, bank information, court filings, and intellectual property related to a multi-million-dollar business. Defendant **Storage Valet, LLC** subsequently took possession of many of Plaintiff's items, despite knowing the disputed and unlawful nature of their removal.

6. In the months following this removal, Defendant Marks—represented by **Buffington Law Firm, PC**, including **Roger Buffington**, **Rye Mytar**, **Sam Goldsteine**, and **Krysti Torrey**—engaged in systematic obstruction of Plaintiff's ability to access the courts. This included false claims of non-service, improper opposition filings, deliberate interference with Plaintiff's eService, and the submission of pleadings misrepresenting facts to the court.

7. Despite being medically displaced to Mexico and qualifying under the ADA, Plaintiff was denied accommodations by the court after Defendants made false statements suggesting Plaintiff was evading service or abandoning claims. Defendants' conduct caused Plaintiff to miss deadlines, have motions denied without consideration, and lose access to ROA entries unless he paid out-of-pocket.

8. Defendants failed to comply with recorded **Lis Pendens** affecting Plaintiff's vehicles and property. Wells Fargo & Company released titles and allowed asset transfers in violation of public notice filings, facilitating the concealment of Plaintiff's property without legal recourse or proper hearing.

9. In January 2024, Marks and Buffington escalated their tactics by filing meritless motions and discovery demands designed solely to harass, overwhelm, and bankrupt Plaintiff, including demurrers and sanctions motions that misrepresented prior rulings and facts.

These filings often omitted Plaintiff's opposition or presented false "facts" never admitted into evidence.

10. Despite submitting over 70 motions and more than 5,000 pages of verified exhibits into the record, Plaintiff's filings were repeatedly suppressed, ignored, or denied without analysis. Defendant **Judge Thomas McConville**, who is now the subject of a federal conflict-of-interest filing, failed to consider Plaintiff's ADA declarations and admitted on record to not reading Plaintiff's expert witness declarations.

11. In May 2025, Plaintiff filed a **federal complaint in this Court** naming the same Defendants. In response, Defendants attempted to continue representing co-defendants in both federal and state court, despite clear ethical conflicts under **California Rule of Professional Conduct 1.7(a)**. Plaintiff filed a federal motion to disqualify Buffington Law Firm, which remains pending.

12. Throughout 2024 and 2025, Defendants intercepted or delayed Plaintiff's court mail, including multiple notices of hearing, ROA entries, and ADA accommodation responses. Plaintiff never received mail despite accurate address records on file. This pattern of mail theft and concealment supports a claim under **18 U.S.C. § 1708**.

13. Defendants' actions caused Plaintiff to lose housing, income, business interests, intellectual property, physical health, and access to justice. He has lived under threat of continued retaliation, mail interference, and procedural exclusion—while simultaneously being forced to prosecute multiple motions, summary judgment actions, and evidence submissions.

14. Plaintiff now seeks declaratory and injunctive relief to prevent continued ADA violations, financial abuse, and obstruction. He also seeks full restitution and damages, as well as equitable accounting and judicial review of the misconduct that has deprived him of due process and property under color of law.

# IV. CAUSES OF ACTION

## First Cause of Action

**Violation of Title II of the Americans with Disabilities Act**
*(42 U.S.C. § 12132 – Public Services; Against Defendants Buffington Law Firm, Roger Buffington, Rye Mytar, Sam Goldsteine, Lindsey Marks, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Title II of the Americans with Disabilities Act (ADA) provides that:

> "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *(42 U.S.C. § 12132).*

3. Plaintiff is a qualified individual with a disability under the ADA, including physical and mental impairments that substantially limit one or more major life activities, including mobility, stress response, concentration, and access to communication systems. Plaintiff's

disability was documented through verified declarations and expert medical opinions filed on the record in state court between January and May 2025.

4. As a dependent adult (per WIC § 15610.23), Plaintiff was entitled to reasonable accommodations and equal access to court proceedings, court notices, court filings, and state-operated case portals under Title II and related state laws.

5. Defendant **Buffington Law Firm, PC**, and its attorneys—**Roger Buffington**, **Rye Mytar**, **Sam Goldsteine**, and **Krysti Torrey**—willfully engaged in a pattern of litigation conduct that denied, obstructed, and retaliated against Plaintiff's federally protected access to court services. This included:

a. Filing knowingly false statements of service;
b. Opposing ADA-based accommodations without legal basis;
c. Mischaracterizing Plaintiff's capacity and motives in pleadings to bias the court against him;
d. Interfering with electronic court service systems to delay or suppress Plaintiff's filings.

6. Defendant **Lindsey J. Marks** conspired with Buffington Law to conceal evidence, misrepresent Plaintiff's location and health to the court, and interfere with ADA filings—directly contributing to Plaintiff being denied multiple accommodations, including:
   - Access to remote appearances;
   - Transcript review support;
   - Fee waivers for online ROA document access;
   - Timely access to court orders and deadlines.

7. Defendants' actions led to Plaintiff's motions being denied without review, sanctions being imposed based on fraudulent representations, and critical hearings occurring without Plaintiff's presence or input. The court acknowledged on the record that it had not read Plaintiff's ADA declarations, despite being served and filed properly.

8. These acts were intentional, malicious, and done with knowledge of Plaintiff's protected status. Defendants knew of Plaintiff's ADA status as early as January 2024 and continued to oppose or block accommodations through at least May 2025.

9. As a result of Defendants' conduct, Plaintiff suffered:
   - Emotional distress, humiliation, and medical setbacks;
   - Loss of access to justice and denial of due process;
   - Financial damages, including missed deadlines and denied claims;
   - Constructive exclusion from the California Superior Court system.

10. Plaintiff seeks:

- Compensatory damages under 42 U.S.C. § 12133;
- Declaratory relief confirming Defendants violated ADA Title II;
- Injunctive relief prohibiting further interference or obstruction of ADA rights in ongoing litigation;
- Reasonable attorney's fees and costs (if counsel is later appointed or retained), as provided under 42 U.S.C. § 12205.

1

## Second Cause of Action

**Civil Rights Violations – Denial of Access to Courts, Retaliation, and Procedural Due
Process**
*(42 U.S.C. § 1983 – Against Defendants Lindsey Marks, Buffington Law Firm, Roger Buffington,
Rye Mytar, Sam Goldsteine, Krysti Torrey, Samantha Mathias, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this
   Complaint as though fully set forth herein.
2. **42 U.S.C. § 1983** provides a cause of action against any person who, under color of law,
   deprives a citizen of rights, privileges, or immunities secured by the Constitution and
   laws of the United States.
3. Plaintiff is a U.S. citizen with constitutional rights guaranteed by the **First**, **Fourth**, and
   **Fourteenth Amendments**, including:
   - The right of access to the courts (First Amendment);
   - The right to be free from unlawful seizure and taking of property (Fourth
     Amendment);
   - The right to procedural due process before being deprived of liberty or property
     (Fourteenth Amendment).
4. Defendants acted **under color of state law** or in conspiracy with public actors when they
   deprived Plaintiff of access to the courts, denied him due process, and retaliated against
   his protected activity. Specifically:

   a. **Samantha Mathias**, a police officer employed by the Seal Beach Police Department,
   acted under color of law when she forcibly removed Plaintiff from his residence without
   a warrant, court order, or hearing. She enabled the illegal seizure of Plaintiff's secured
   business assets and personal property, violating the Fourth and Fourteenth Amendments.

   b. **Lindsey Marks**, acting individually and in conspiracy with public officers, made false
   representations to police and the court, which directly caused Plaintiff's constructive
   eviction, the unlawful seizure of his property, and the permanent loss of critical legal
   evidence.

   c. **Buffington Law Firm** and its agents—**Roger Buffington**, **Rye Mytar**, **Sam
   Goldsteine**, and **Krysti Torrey**—filed and advanced materially false statements in
   pleadings, falsely claimed Plaintiff had abandoned the court, and obstructed his access to
   motions, hearings, and evidence review. Their actions, though by private attorneys,
   became actionable under § 1983 because they:

   - Worked jointly with state officers (Seal Beach PD);
   - Exploited court procedures to suppress constitutional rights;
   - Engaged in retaliation for Plaintiff's filing of ADA notices and civil complaints.
5. Defendants' actions directly and foreseeably resulted in:
   - The suppression or dismissal of Plaintiff's motions without hearing;

- ○ Missed deadlines due to fraudulent service claims and intercepted notices;
- ○ Denial of hearings and accommodations Plaintiff was legally entitled to;
- ○ Sanctions imposed based on fabricated facts and unlawful denials of process.

6. Defendant Marks and Buffington's retaliatory conduct intensified after Plaintiff began asserting his rights under the ADA, filing judicial complaints, and submitting evidence of civil rights violations. This **chilling effect** on court participation is a violation of the First Amendment's right to petition and § 1983 retaliation doctrine.

7. Defendants knowingly and willfully deprived Plaintiff of his constitutional rights and acted in bad faith, with malice and reckless disregard for federally protected rights.

8. Plaintiff is entitled to:
- ○ **Compensatory damages** for emotional distress, deprivation of due process, and loss of liberty and property;
- ○ **Punitive damages** against individual defendants who acted with malice;
- ○ **Declaratory relief** stating that Plaintiff's rights were violated;
- ○ **Injunctive relief** prohibiting further deprivation of constitutional rights;
- ○ **Costs and attorney's fees** pursuant to 42 U.S.C. § 1988.

## Third Cause of Action

**Financial Abuse of a Dependent Adult**
*(Cal. Welfare & Institutions Code § 15610.30 – Against Defendants Lindsey Marks, Storage Valet LLC, Roger Buffington, Buffington Law Firm PC, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. California Welfare & Institutions Code § 15610.30 provides civil remedies against any person or entity who:
- ○ Takes, secretes, appropriates, obtains, or retains real or personal property of a dependent adult for wrongful use or with intent to defraud, or
- ○ Assists in doing so.

3. At all times relevant, Plaintiff qualified as a **dependent adult** under California Welfare & Institutions Code § 15610.23 due to documented disability, medical hardship, forced social isolation, and economic vulnerability caused by the actions of Defendants.

4. Defendant **Lindsey Marks**, acting both individually and in conspiracy with others, **took and concealed Plaintiff's real and personal property**, including:

   a. Business assets, proprietary technology, and intellectual property;
   b. Financial records, hard drives, cash, and client files;
   c. Vehicles and tools belonging to Plaintiff's business;
   d. Personal items necessary for Plaintiff's health, livelihood, and legal access.

5. The removal of Plaintiff's property occurred during a **constructive eviction** on or about November 5, 2022, executed without a court order or valid writ, and based on false pretenses presented to Seal Beach Police.

6. After removal, **Storage Valet, LLC** took possession of Plaintiff's stored items, knowing or having reason to know that the goods were obtained under disputed and unlawful

conditions. Despite receiving notices and legal filings from Plaintiff, Storage Valet refused to release the property or acknowledge the wrongful taking.

7. **Buffington Law Firm PC**, **Roger Buffington**, and other firm attorneys assisted in the concealment, obstruction, and unlawful retention of Plaintiff's property by:

   o Refusing to return Plaintiff's legal files and client data after his substitution of attorney;
   o Filing knowingly false objections to discovery demands for return of evidence;
   o Withholding information about the location of Plaintiff's assets and evidence;
   o Facilitating further financial harm by misusing discovery and procedural motions to frustrate recovery.

8. These actions were committed **knowingly, willfully, and with intent to defraud and harm** a dependent adult. Plaintiff repeatedly demanded return of his assets, but Defendants delayed or obstructed such efforts through lies, omissions, and retaliatory litigation.

9. Defendants' conduct caused severe financial harm, including:

   o Total loss of income from Plaintiff's disabled business;
   o Inability to meet housing and medical costs;
   o Costs to reconstruct files, property, and evidence for litigation;
   o Continued economic coercion and dependency.

10. Pursuant to California Welfare & Institutions Code § 15657.5, Plaintiff is entitled to:

- **Compensatory damages**, including for economic and noneconomic loss;
- **Punitive damages** against individuals whose conduct was oppressive or malicious;
- **Attorney's fees and costs**, even as a pro se litigant under equitable principles;
- **Injunctive and declaratory relief**, to prevent further concealment and compel return of property.

## Fourth Cause of Action

**Obstruction of Justice**
*(18 U.S.C. § 1505 – Against Defendants Buffington Law Firm, Roger Buffington, Rye Mytar, Sam Goldsteine, Krysti Torrey, Lindsey Marks, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. **18 U.S.C. § 1505** prohibits anyone from corruptly influencing, obstructing, or impeding the due and proper administration of law under any pending proceeding before a department or agency of the United States or in connection with any legal inquiry or judicial process.

3. Although § 1505 is primarily a **criminal statute**, courts have recognized that private parties may seek **civil remedies based on violations of criminal statutes** when the conduct causes direct injury and overlaps with constitutional or statutory rights, especially when plead in conjunction with **42 U.S.C. § 1983**, ADA, and due process claims.

4. Defendants **Buffington Law Firm PC**, including **Roger Buffington**, **Rye Mytar**, **Sam Goldsteine**, and **Krysti Torrey**, repeatedly engaged in deliberate and corrupt acts intended to:
   o **Suppress, delay, or obstruct Plaintiff's access to federal and state courts**;
   o **Conceal or destroy material evidence**, including legal correspondence, client files, case exhibits, and discovery materials;
   o **File false service declarations and opposition pleadings** with knowledge that Plaintiff had not received notice or access due to disability-related mail suppression.

5. Defendant **Lindsey Marks**, acting in conspiracy with Buffington Law and other unknown actors (DOES 1–43), took repeated steps to mislead the court, law enforcement, and opposing parties. These include:
   o **False claims of court orders** to justify the unlawful seizure of Plaintiff's property;
   o **Submission of fraudulent declarations** to agencies and courts to delay ADA responses and filings;
   o **Participation in mail and eService interference**, materially affecting the integrity of Plaintiff's case.

6. Plaintiff was a litigant in multiple **pending proceedings** before state and now federal courts, including his **civil action (Case No. 30-2023-01300519-CU-BC-CJC)**, motions under the ADA, and his formal filings with the U.S. Department of Justice and California appellate courts.

7. The obstructive conduct of Defendants was **ongoing**, spanned over a year, and included:
   o The refusal to comply with subpoenas and discovery orders;
   o The intentional delay of production of case files after Plaintiff's attorney was replaced;
   o Filing of ex parte applications to mislead the court while Plaintiff was incapacitated or out of jurisdiction.

8. Defendants' actions directly **impeded the administration of justice**, not only in judicial proceedings but also in Plaintiff's efforts to secure relief under federal disability law and constitutional provisions. The harm was compounded by the fact that Plaintiff was a pro se disabled litigant unable to access the courts equally.

9. Plaintiff has suffered irreparable harm due to these acts of obstruction, including:
   o Loss of use of evidence and intellectual property;
   o Delay and dismissal of meritorious motions;
   o Psychological and physical harm due to relentless legal retaliation and concealment.

10. Plaintiff seeks:

- **Declaratory relief** finding that Defendants obstructed the administration of justice;
- **Compensatory damages** for all actual harm sustained as a result of the obstruction;
- **Punitive damages** against individual Defendants who acted maliciously and in bad faith;
- **Referral to appropriate federal agencies** for review of conduct under 18 U.S.C. § 1505 and § 1519 (destruction/concealment of evidence);
- Any **other relief** this Court deems just and proper.

## Fifth Cause of Action

**Conversion**

*(Against Defendants Lindsey Marks, Storage Valet LLC, Buffington Law Firm, Roger Buffington, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Under California law, **conversion** is the wrongful exercise of dominion over the personal property of another. The elements of conversion are:
   - Plaintiff's **ownership or right to possession** of the property;
   - Defendant's **wrongful disposition** or interference with that property;
   - Resulting **damages** to the Plaintiff.

3. At all relevant times, Plaintiff lawfully owned or had a right to possess:
   - Multiple hard drives and laptops containing proprietary intellectual property and client case files;
   - Bank records, titles, and other financial documents;
   - Business inventory and personal items used for work and health-related functions;
   - Legal pleadings, discovery responses, exhibits, and medical declarations;
   - Vehicles and tools registered in Plaintiff's name and subject to a court-filed **Lis Pendens**.

4. On or about **November 5, 2022**, Defendant **Lindsey Marks**, through false claims of a court order and in concert with Seal Beach Police and DOES 1–10, **unlawfully removed** Plaintiff from his residence without legal process or warrant. Marks took immediate possession of Plaintiff's belongings and ordered movers and trucks to remove all contents from the property, including secured office items.

5. Defendant **Storage Valet LLC** knowingly accepted, stored, and refused to return Plaintiff's property, even after Plaintiff provided legal notice of the dispute, filed motions demanding return, and confirmed that Marks lacked legal ownership or authority.

6. Defendant **Buffington Law Firm** and its attorneys, including **Roger Buffington**, **Rye Mytar**, and other DOES, **withheld Plaintiff's legal files, discovery responses, and confidential client data** after Plaintiff's Substitution of Attorney was filed and approved (ROA 194, filed December 23, 2024).

7. Despite multiple written demands by Plaintiff between December 2024 and May 2025, Buffington Law Firm:
   - Failed to return any files;
   - Filed opposition papers falsely stating that nothing was being withheld;
   - Used the deprivation of files to gain strategic advantage in litigation, including motions to compel, strike, and sanctions.

8. The conversion was **intentional**, and **without Plaintiff's consent**, and has caused substantial injury. Plaintiff has suffered:
   - Permanent loss of irreplaceable business data and intellectual property;
   - Loss of income from inability to resume commercial operations;
   - Inability to defend himself in litigation due to missing documents;
   - Emotional and medical harm tied to displacement and litigation abuse.

9. Defendants' actions meet the threshold for **malicious and oppressive conduct** under California Civil Code § 3294, and thus justify an award of **punitive damages**.

10. Plaintiff seeks:

- **Return of all wrongfully withheld property** or equivalent monetary value;
- **General damages** for loss of use and enjoyment;
- **Punitive damages** for malicious and fraudulent conversion;
- **Costs of suit** and any further equitable or legal relief this Court deems just and proper.

## Sixth Cause of Action

**Fraud**
*(Against Defendants Lindsey Marks, Buffington Law Firm, Roger Buffington, Rye Mytar, Sam Goldsteine, Krysti Torrey, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Under California law, the elements of fraud are:
   ○ A false representation, concealment, or nondisclosure of a material fact;
   ○ Made with knowledge of its falsity;
   ○ With the intent to induce reliance;
   ○ Justifiable reliance by the Plaintiff;
   ○ Resulting damages.

3. Beginning in 2022 and continuing through 2025, **Defendants Lindsey Marks, Buffington Law Firm, and their attorneys** engaged in a sustained pattern of intentional misrepresentations and concealments with the intent to deceive the court, law enforcement, and Plaintiff. Their false statements formed the basis for Plaintiff's constructive eviction, loss of property, and denial of access to justice.

4. **False representations included**:
   ○ That a valid court order or temporary restraining order (TRO) existed on **November 5, 2022**, authorizing Plaintiff's removal and the seizure of his property. In truth, **no such order was ever issued**.
   ○ That Plaintiff had voluntarily abandoned his property and the litigation.
   ○ That Defendants were entitled to seize, hold, or destroy Plaintiff's evidence and business materials.

5. **Concealed material facts included**:
   ○ The fact that Plaintiff had active ADA accommodation requests on file;
   ○ That Buffington Law Firm was in possession of case files and discovery documents but refused to return them;
   ○ That Defendants knew Plaintiff was displaced, disabled, and unable to receive physical service but falsely claimed compliance with service rules.

6. These misrepresentations were made:
   ○ In pleadings submitted to the **Orange County Superior Court**;
   ○ In ex parte motions, declarations, and oppositions authored by Buffington attorneys;

- o In oral representations to the court and in communications with third parties, including law enforcement, court clerks, and storage facilities.

7. Plaintiff **reasonably relied** on the integrity of the legal system and believed that opposing counsel and parties were acting in accordance with ethical and procedural rules. Plaintiff also relied on the court's records and Buffington's claims of valid service, which were false.

8. As a result of this fraudulent conduct, Plaintiff suffered:
   - o Unlawful eviction from his residence and business premises;
   - o Loss of valuable property and intellectual assets;
   - o Denial of motions due to false claims of non-service or abandonment;
   - o Emotional distress, medical complications, and forced exile from the country.

9. Defendants acted with **malice, oppression, and fraud**, justifying the imposition of **punitive damages** under **Cal. Civil Code § 3294**.

10. Plaintiff demands:

- **General and special damages** according to proof;
- **Punitive and exemplary damages** for malicious fraud;
- **Rescission of any orders, decisions, or findings based on fraudulent representations**;
- **Costs of suit and all other relief** this Court deems just and proper.

## Seventh Cause of Action

**Constructive Eviction**
*(Against Defendants Lindsey Marks, Samantha Mathias, Buffington Law Firm, Storage Valet LLC, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Under California law, **constructive eviction** occurs when a landlord or actor with control over the premises wrongfully interferes with a tenant's use and enjoyment of the premises to such an extent that the tenant is effectively forced to vacate, even if not physically removed by court order.

3. Plaintiff lawfully occupied a mixed-use residential and commercial property in **Seal Beach, California**, which contained:
   - o His **primary residence**,
   - o His **secured home office**, and
   - o His **business and proprietary intellectual property**.

4. On or about **November 5, 2022**, Defendant **Lindsey Marks**, acting without a valid court order, falsely represented to Seal Beach Police that she had authority to remove Plaintiff from the property. Based on these false claims, **Officer Samantha Mathias** and other unnamed officers ordered Plaintiff to vacate under threat of arrest and prohibited him from reentering or recovering his belongings.

5. **At no time did Defendants obtain a court order, writ of possession, or judgment for eviction**. Plaintiff was forcibly excluded from his home and business without any due process or opportunity to be heard.

6. Immediately following Plaintiff's removal:

- o Marks arranged for **two box trucks and a removal crew** to seize all contents from Plaintiff's property;
- o Officers stood by and allowed Marks to enter Plaintiff's locked office and remove business data, property, and personal effects;
- o Marks transferred the seized property to **Storage Valet LLC**, which thereafter refused to release any items to Plaintiff.

7. Defendant **Buffington Law Firm**, by and through **Roger Buffington**, **Rye Mytar**, and other attorneys, **knowingly filed pleadings falsely asserting that Plaintiff voluntarily vacated the property** and had no remaining claims, even after Plaintiff submitted evidence and police reports to the contrary.

8. These actions resulted in Plaintiff's **constructive eviction** under California law, as Defendants:
- o Deprived Plaintiff of all beneficial use of the property;
- o Denied access to shelter, medical equipment, food, and communication tools;
- o Caused permanent loss of a secured business location and storage for confidential legal material.

9. Plaintiff remained in **involuntary exile outside the U.S.** as a direct result of this unlawful eviction, facing:
- o Homelessness,
- o Medical hardship,
- o Inability to litigate or recover assets.

10. Plaintiff is entitled to damages resulting from constructive eviction, including:

- **Loss of rental and business value** of the premises;
- **Loss of personal and professional property** taken in the eviction;
- **Emotional distress, displacement, and relocation costs**;
- **Punitive damages** due to the malicious and fraudulent conduct used to carry out the eviction.

11. Plaintiff seeks:

- **Compensatory damages** for loss of use, assets, and relocation;
- **Punitive damages** against individual Defendants;
- **Injunctive relief** requiring return or accounting of removed property;
- **Costs of suit** and other appropriate relief.

## Eighth Cause of Action

**Breach of Fiduciary Duty**
*(Against Defendants Lindsey Marks, Roger Buffington, Buffington Law Firm PC, prior attorneys DOE 1–10, and DOES 11–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. A **fiduciary duty** arises under California law when one party places trust and confidence in another, who is in a position of superiority or control and is obligated to act with utmost good faith, loyalty, and honesty.

3. Defendants owed fiduciary duties to Plaintiff under multiple legal relationships:

   o Defendant **Lindsey Marks**, while acting as Plaintiff's alleged business associate, personal confidant, and co-responsible party over shared assets, owed Plaintiff a duty of loyalty, honesty, and good faith concerning joint assets, legal documents, and business operations.

   o Defendant **Roger Buffington** and **Buffington Law Firm PC**, while representing Plaintiff's interests (directly or through substitution), owed duties under the California Rules of Professional Conduct to:

      ▪ **Return client files** upon termination of representation;

      ▪ **Avoid conflicts of interest**;

      ▪ **Provide honest and transparent disclosure of procedural actions and evidence**.

   o Other prior legal counsel or attorneys now named as **DOES 1–10**, who received Plaintiff's privileged and confidential information, also owed a duty not to misuse or conceal such materials after termination.

4. Defendant **Marks** breached her fiduciary duty by:

   o Taking control of Plaintiff's jointly used residence and storage unit under false pretenses;

   o Withholding access to shared business assets and income streams;

   o Lying to police and the court to evict Plaintiff and cut him off from property, income, and legal redress.

5. Defendant **Roger Buffington**, while acting as both an attorney of record and managing partner of a law firm representing an adverse party, failed to:

   o Disclose conflicts of interest;

   o Avoid contact with represented parties;

   o Return Plaintiff's case files, evidence, and documents after substitution of attorney (ROA 194, December 2024);

   o Prevent his associates (Mytar, Torrey, Goldsteine) from weaponizing discovery and access to suppress Plaintiff's claims.

6. Plaintiff **reasonably relied** on the fiduciary positions of trust these individuals held, including:

   o Believing they would safeguard his legal rights and property;

   o Trusting that prior counsel would act in good faith post-representation;

   o Expecting proper accounting and cooperation with discovery as required by law.

7. The breach of these duties was **intentional**, **malicious**, and designed to harm Plaintiff, deprive him of legal remedies, and facilitate ongoing fraud and conversion.

8. As a direct and proximate result of these breaches, Plaintiff suffered:

   o Permanent loss of business property and digital assets;

   o Strategic obstruction in civil litigation due to missing legal files;

   o Loss of income, emotional suffering, and compromised legal standing.

9. Plaintiff seeks:

   o **General and special damages** for economic and noneconomic losses;

- o **Disgorgement** of any unjust gains by the Defendants from abuse of fiduciary power;
- o **Punitive damages** where appropriate;
- o **Costs of suit** and any further relief this Court deems just and proper.

## Ninth Cause of Action

**Defamation (Libel and Slander)**
*(Against Defendants Lindsey Marks, Roger Buffington, Buffington Law Firm PC, Rye Mytar, Sam Goldsteine, Krysti Torrey, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.
2. Under California law, **defamation** is the publication of a false statement of fact that injures a person's reputation. It includes both:
   - o **Libel** – written or published falsehoods (Cal. Civ. Code § 45);
   - o **Slander** – spoken falsehoods (Cal. Civ. Code § 46).
3. Defendants, including **Lindsey Marks**, **Buffington Law Firm**, **Roger Buffington**, and his associates (**Rye Mytar**, **Sam Goldsteine**, and **Krysti Torrey**), published and repeated **false, malicious, and defamatory statements** about Plaintiff in pleadings, hearings, communications with law enforcement, and other public and quasi-public forums.
4. Defamatory statements included, but were not limited to:
   - o Falsely accusing Plaintiff of being "**dangerous, violent, and threatening**," without basis or documentation;
   - o Asserting in court filings that Plaintiff had **abandoned his residence**, **evaded service**, or **refused to cooperate** in litigation;
   - o Implying that Plaintiff was **mentally unwell, dishonest, or disruptive**, in order to bias judges and third parties;
   - o Misrepresenting Plaintiff's disabilities, legal position, and pro se filings as vexatious or fraudulent.
5. These statements were:
   - o **Untrue**, **knowingly false**, or **made with reckless disregard for the truth**;
   - o **Published in court filings** accessible to third parties, including clerks, opposing counsel, storage companies, and law enforcement;
   - o **Reiterated verbally** in open hearings or email communications designed to stigmatize and discredit Plaintiff.
6. These statements were **not privileged** under Cal. Civ. Code § 47(b) because:
   - o They were made **maliciously**, **without relevance**, and **in furtherance of a broader scheme of abuse and fraud**;
   - o They were used to **weaponize the litigation process**, delay justice, and damage Plaintiff's credibility and standing.
7. As a direct and proximate result of these defamatory statements:
   - o Plaintiff suffered **irreparable damage to his reputation**, including with courts, public agencies, and potential business partners;
   - o Plaintiff experienced **emotional distress, embarrassment, and social isolation**;

- o Plaintiff lost opportunities to recover evidence and property due to false allegations of abandonment or misconduct.

8. Defendants' conduct was **intentional**, **oppressive**, and **malicious**, warranting **punitive damages** under California Civil Code § 3294.

9. Plaintiff seeks:
   - o **General damages** for reputational harm and emotional distress;
   - o **Special damages** for quantifiable harm including lost business or legal opportunities;
   - o **Punitive and exemplary damages** to deter similar abuse by attorneys and litigants;
   - o **Costs of suit and such other relief** as the Court deems proper.

## Tenth Cause of Action

**False Light**
*(Against Defendants Lindsey Marks, Roger Buffington, Buffington Law Firm PC, Rye Mytar, Sam Goldsteine, Krysti Torrey, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Under California law, the tort of **false light** protects individuals from public exposure to information that creates a **misleading impression** about them, even if not technically false. The elements of false light are:
   - o Public disclosure by the defendant;
   - o That places the plaintiff in a **false light** in the public eye;
   - o Which would be highly offensive to a reasonable person;
   - o And was done with actual malice or reckless disregard for the truth.

3. Defendants, including **Lindsey Marks**, **Roger Buffington**, **Buffington Law Firm**, and its attorneys (**Rye Mytar**, **Sam Goldsteine**, **Krysti Torrey**) **created and disseminated misleading narratives and documents** that portrayed Plaintiff in an inaccurate, damaging, and stigmatizing manner.

4. Specific conduct that placed Plaintiff in a false light included:
   - o Court filings asserting Plaintiff was **violent**, **mentally unstable**, or **hostile**, without any supporting medical, police, or factual basis;
   - o Mischaracterizing Plaintiff's **ADA accommodation requests** as "abusive filings" or "obstruction";
   - o Referring to Plaintiff's **attempts to retrieve legal files or property** as "harassment" or "interference";
   - o Suggesting Plaintiff had **abandoned his case**, **failed to serve**, or **engaged in vexatious tactics**, when in fact he was systematically denied access to mail, service, and eFiling systems due to disabilities.

5. These statements and documents were **widely shared** through:
   - o The public record in Plaintiff's state court case (Orange County Superior Court Case No. 30-2023-01300519-CU-BC-CJC);
   - o Email communications to court clerks, third-party witnesses, and opposing parties;

- o Hearings and oral arguments where statements were made before court personnel and public observers.

6. The **false light created by Defendants' actions** portrayed Plaintiff as someone unworthy of judicial protection, unreliable, or dangerous, severely undermining his credibility as a litigant and professional.

7. These misleading impressions were **not legally privileged**, as they were made with **malicious intent** and **in furtherance of fraud, concealment, and obstruction**, not legitimate advocacy.

8. As a direct result of the false light created by Defendants:
   - o Plaintiff suffered **severe reputational harm**, particularly in legal forums where credibility is paramount;
   - o He experienced **humiliation, emotional distress, and isolation**, especially due to being excluded from proceedings and labeled in negative terms;
   - o Plaintiff was **denied meaningful participation in hearings, motions, and settlement efforts** due to the cloud of stigma artificially created by Defendants.

9. Plaintiff seeks:
   - o **General damages** for emotional harm and reputational injury;
   - o **Special damages** related to professional, housing, or court-access consequences;
   - o **Punitive damages** under Civil Code § 3294 for Defendants' malicious intent and reckless conduct;
   - o **Injunctive relief** requiring removal or correction of false records or defamatory materials;
   - o **Costs of suit and any other relief** deemed just and proper.

## Eleventh Cause of Action

**Abuse of Process**
*(Against Defendants Roger Buffington, Buffington Law Firm PC, Rye Mytar, Sam Goldsteine, Krysti Torrey, Lindsey Marks, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. **Abuse of process** occurs under California law when a party:
   - o Uses a **legal process in a manner not proper** in the regular course of the proceeding;
   - o With a **wrongful ulterior motive**; and
   - o Causes **damage** to another.

3. Beginning in 2023 and continuing through 2025, **Defendants Buffington Law Firm**, by and through **Roger Buffington**, **Rye Mytar**, **Sam Goldsteine**, **Krysti Torrey**, and **Lindsey Marks**, intentionally **manipulated court procedures** to **obstruct Plaintiff's case, suppress evidence, and retaliate against Plaintiff's protected filings**.

4. Examples of abuse include:
   - o Filing **serial demurrers and motions to strike**, not based on substance, but to delay discovery and mislead the court;
   - o Repeatedly claiming that Plaintiff failed to serve or respond, despite clear eFiling and email confirmations;

- o Filing **motions for sanctions, vexatious litigant orders, and opposing ADA accommodations** to intimidate and silence Plaintiff;
- o Using **discovery requests** not to obtain evidence, but to create cost, stress, and procedural traps for a pro se litigant with known disabilities.

5. These legal actions were **not taken to advance a legitimate claim or defense**, but instead:
   - o To **harass** Plaintiff;
   - o To **exhaust** his resources;
   - o To **deflect from the underlying fraud and conversion claims**;
   - o To **create a false narrative** of non-compliance and bad faith.

6. Defendant **Lindsey Marks** also leveraged the abuse by:
   - o Submitting **false TRO and ex parte requests**,
   - o Withholding documents in violation of court orders,
   - o And coordinating with Buffington to create a paper trail suggesting Plaintiff was "abusive" or "uncooperative."

7. As a result of this weaponized litigation:
   - o Plaintiff lost meaningful access to his case and property;
   - o Dozens of filings were ignored, stricken, or denied without review due to process abuse;
   - o Plaintiff was forced into exile in Mexico, unable to physically appear due to the very actions Defendants manipulated the court to justify.

8. The abuse of process was carried out with **malice and oppression**, especially in light of Plaintiff's:
   - o **ADA-protected disability**;
   - o **Pro per status**;
   - o **Repeated good-faith efforts** to resolve discovery and obtain relief.

9. Defendants' conduct meets the standard for **punitive damages** under California Civil Code § 3294.

10. Plaintiff respectfully requests:

- **General damages** for obstruction, delay, and emotional distress;
- **Special damages** for lost income, procedural disadvantage, and increased costs;
- **Punitive damages** to deter future abuse by litigants and law firms;
- **Equitable relief**, including court oversight of defense filings and correction of abusive rulings;
- **Costs of suit and any further relief** the Court deems proper.

# Twelfth Cause of Action

**Malicious Prosecution**
*(Against Defendants Roger Buffington, Buffington Law Firm PC, Rye Mytar, Sam Goldsteine, Krysti Torrey, Lindsey Marks, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.
2. Under California law, a claim for **malicious prosecution** requires:

- The initiation of a legal proceeding by the defendant;
- The proceeding was initiated **without probable cause**;
- The proceeding was initiated with **malice**;
- The proceeding **terminated in Plaintiff's favor**.

3. Beginning in early 2024 and continuing through 2025, Defendants **Buffington Law Firm**, **Roger Buffington**, **Rye Mytar**, **Sam Goldsteine**, **Krysti Torrey**, and **Lindsey Marks** have repeatedly filed baseless motions and oppositions against Plaintiff in the civil action **Safari v. Marks et al., Case No. 30-2023-01300519-CU-BC-CJC (Orange County Superior Court)**.

4. Examples include but are not limited to:
   - Filing **a demurrer** asserting facts that had already been disproven by Plaintiff's exhibits and court orders;
   - Filing a **vexatious litigant motion** knowing Plaintiff had a good-faith basis for every filing and had never had a case dismissed on the merits;
   - Filing **sanctions motions and oppositions** that misrepresented service, ADA filings, and court orders in an attempt to chill Plaintiff's litigation rights.

5. These actions were undertaken with:
   - **Full knowledge** that Plaintiff was acting in accordance with the law;
   - **Malicious intent** to obstruct discovery, suppress evidence, delay proceedings, and discredit Plaintiff;
   - **Retaliatory purpose** for Plaintiff asserting his rights under the ADA, § 1983, and court discovery rules.

6. Multiple rulings and outcomes in the state action and federal filings have already **rejected the legal or factual basis** of many of Defendants' filings, and discovery abuses and procedural manipulations are now part of the record (see ROAs 259, 300–544, 636–786).

7. Even where dismissal or strike rulings were entered, Plaintiff alleges that those rulings were based on fraud, obstruction, or denial of access, not legitimate merit-based outcomes—therefore, **favorable termination is ongoing** and will be further adjudicated via motions to vacate and federal relief.

8. Plaintiff has incurred:
   - **Substantial litigation expenses**, including printing, postage, and filing costs;
   - **Delay in adjudication** of his core claims for fraud, conversion, and ADA violations;
   - **Psychological harm and distress**, including feelings of futility and being targeted for retaliation.

9. Defendants' conduct was **oppressive, malicious, and fraudulent**, warranting **punitive damages** under California Civil Code § 3294.

10. Plaintiff respectfully seeks:

- **General and special damages**, including economic loss and emotional harm;
- **Punitive damages** to punish and deter abuse of legal process;
- **Declaratory relief** invalidating any rulings obtained through malicious prosecution;
- **Costs of suit and such further relief** as the Court may find just and proper.

# Thirteenth Cause of Action

**Intentional Infliction of Emotional Distress (IIED)**
*(Against Defendants Lindsey Marks, Roger Buffington, Buffington Law Firm PC, Rye Mytar, Sam Goldsteine, Krysti Torrey, Samantha Mathias, Storage Valet LLC, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.
2. Under California law, a claim for **intentional infliction of emotional distress** requires:
   - **Extreme and outrageous conduct** by the defendant;
   - **Intent to cause emotional distress** or reckless disregard of the probability of causing such distress;
   - Plaintiff suffers **severe emotional distress** as a result.
3. The conduct of Defendants—as outlined in Causes 1 through 12—was **extreme, outrageous, and unlawful**, especially considering that:
   - Plaintiff is a **dependent adult** under California WIC § 15610.23,
   - Plaintiff has a **documented disability**, and
   - Plaintiff was forced into **medical exile in Mexico**, unable to participate in proceedings, retrieve property, or live in his home.
4. Defendants intentionally caused, or acted in reckless disregard of causing, emotional distress by:
   - **Filing false claims and restraining orders** to gain control of Plaintiff's home and belongings;
   - **Forcibly evicting** Plaintiff without legal process while police stood by and allowed it;
   - **Withholding legal files**, business property, and personal effects for over a year;
   - **Blocking Plaintiff's filings and ADA accommodations**, isolating him from the justice system;
   - **Publishing harmful and false narratives** painting Plaintiff as mentally unstable, abusive, or dangerous;
   - **Manipulating the court process** to suppress Plaintiff's evidence, delay hearings, and exhaust his emotional and financial capacity.
5. As a direct result of this conduct, Plaintiff experienced:
   - **Severe emotional distress**, including anxiety, depression, insomnia, and trauma;
   - **Loss of access to vital medication and disability support**, worsening his physical condition;
   - **Displacement**, causing homelessness and forced relocation to a foreign country without income or legal recourse.
6. The emotional distress suffered by Plaintiff was:
   - **Genuine**,
   - **Severe**,
   - And **reasonably foreseeable** by Defendants, who were repeatedly placed on notice of Plaintiff's medical and legal status (e.g., through ADA filings, declarations, and court correspondence).
7. Defendants' conduct was undertaken with **malice, oppression, and fraud** within the meaning of **California Civil Code § 3294**, warranting punitive damages.

8. Plaintiff respectfully requests:
   - **General damages** for emotional trauma and psychological harm;
   - **Special damages** including the cost of medical care, therapy, or displacement;
   - **Punitive and exemplary damages**;
   - **Injunctive relief**, such as correction of false records or restraining future retaliation;
   - **Costs of suit and any further relief** as this Court deems just and proper.

## Fourteenth Cause of Action

**Negligence**
*(Against Defendants Wells Fargo & Company, Storage Valet LLC, Lindsey Marks, Buffington Law Firm PC, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.
2. Under California law, negligence requires:
   - A legal **duty of care** owed by the defendant to the plaintiff;
   - A **breach** of that duty;
   - **Causation** (the breach caused the harm); and
   - **Damages** resulting from the breach.
3. Each named Defendant in this cause of action owed Plaintiff a clear legal duty of care:
   - **Wells Fargo & Company** owed Plaintiff a duty to safeguard accounts, liens, and assets associated with jointly owned or disputed property, including his vehicle, banking records, and asset-related notifications.
   - **Storage Valet LLC**, as a custodial storage company, owed Plaintiff a duty to protect his stored personal and business property from unauthorized removal, seizure, or loss.
   - **Lindsey Marks**, as Plaintiff's former partner and joint asset holder, owed a duty not to mislead third parties, forge communications, or interfere with Plaintiff's rights to retrieve or maintain his property.
   - **Buffington Law Firm PC** owed a duty to avoid participation in negligent filings, misrepresentations to the court, and abuse of legal process that foreseeably caused Plaintiff economic and emotional injury.
4. Defendants breached their respective duties in the following ways:
   - **Wells Fargo** failed to honor valid notices of lis pendens and third-party claims concerning vehicles or other protected interests, resulting in transfer of title or control without proper process.
   - **Storage Valet** negligently allowed removal or destruction of Plaintiff's personal and professional property without verifying ownership, legal right to access, or court orders.
   - **Marks**, acting recklessly, provided false information to Seal Beach Police and storage providers, initiating a chain of negligent property loss and unlawful seizure.
   - **Buffington Law** negligently failed to investigate the truth of the claims made in pleadings, including those that suppressed Plaintiff's ADA rights, fabricated

service issues, and misrepresented discovery status—creating foreseeable harm to Plaintiff.

5. As a direct and proximate result of these breaches, Plaintiff suffered:
   ○ **Loss of property** including hard drives, legal files, IP-related documentation, business records, vehicles, and irreplaceable personal items;
   ○ **Economic damages**, such as loss of business value and future earnings stemming from missing materials;
   ○ **Emotional distress**, including anxiety, instability, and hardship from being cut off from legal property and support systems.

6. Each Defendant's conduct constitutes a **substantial factor** in causing Plaintiff's harm under California's "but for" and "foreseeability" tests for causation.

7. Plaintiff respectfully requests:
   ○ **General damages** for economic loss and emotional distress;
   ○ **Special damages** for lost assets, storage costs, replacement value, and lost business opportunity;
   ○ **Costs of suit and any further relief** this Court deems just and appropriate.

## Fifteenth Cause of Action

**Negligent Infliction of Emotional Distress (NIED)**
*(Against Defendants Wells Fargo & Company, Storage Valet LLC, Buffington Law Firm PC, Roger Buffington, Lindsey Marks, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Under California law, a claim for **Negligent Infliction of Emotional Distress** may be brought as a form of negligence, requiring:
   ○ The existence of a **legal duty** owed to Plaintiff;
   ○ A **breach** of that duty;
   ○ Resulting in **serious emotional distress** to the Plaintiff;
   ○ That was **foreseeable** and caused by the breach.

3. Defendants had a **clear and foreseeable duty** not to cause Plaintiff emotional harm through mishandling of property, court access, or protected rights. Specific duties included:
   ○ **Wells Fargo** had a duty to maintain accurate lien enforcement, protect accounts subject to lis pendens or legal dispute, and notify account holders of adverse actions.
   ○ **Storage Valet LLC** had a duty to safeguard Plaintiff's stored property, verify authority before releasing property, and act reasonably in handling known disputes.
   ○ **Buffington Law Firm**, by and through **Roger Buffington**, had a duty not to mislead courts or engage in filings that would foreseeably harm Plaintiff emotionally or procedurally.
   ○ **Lindsey Marks** had a duty not to submit false reports or manipulate access to Plaintiff's belongings, health information, or protected rights.

4. Defendants **breached those duties** by:

- o Releasing Plaintiff's vehicle or personal assets despite active lis pendens, resulting in loss of essential transportation and legal materials;
- o Allowing access to Plaintiff's stored office, documents, medical records, and business materials by individuals with no legal authority, despite clear dispute and legal warnings;
- o Filing motions and oppositions in civil court that misrepresented Plaintiff as vexatious or violent, escalating judicial hostility and exclusion;
- o Engaging in conduct that led Plaintiff to be forcibly displaced from his home, cut off from his medications, and permanently separated from his business and legal files.

5. As a direct and proximate result of this negligent conduct, Plaintiff suffered **severe emotional distress**, including:
   - o **Anxiety, depression, and emotional trauma** from being repeatedly denied access to legal proceedings and basic needs;
   - o **Helplessness and isolation**, having to flee the country to preserve his safety and health;
   - o **Loss of sleep, focus, trust in the legal system**, and damage to his psychological and professional well-being.

6. This emotional distress was **foreseeable**, as Defendants were repeatedly notified—through filings, medical declarations, and direct communication—that Plaintiff was a disabled dependent adult facing extreme harm if denied ADA protections or property access.

7. Plaintiff respectfully requests:
   - o **General damages** for pain, suffering, and loss of quality of life;
   - o **Special damages**, including therapy costs, relocation expenses, and costs associated with reconstructing lost legal and business infrastructure;
   - o **Costs of suit and such further relief** as the Court deems just and proper.

## Sixteenth Cause of Action

**Civil Conspiracy**
*(Against Defendants Lindsey Marks, Roger Buffington, Buffington Law Firm PC, Rye Mytar, Sam Goldsteine, Krysti Torrey, Samantha Mathias, Storage Valet LLC, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Under California law, **civil conspiracy** is not a standalone tort but a theory of joint liability. To establish civil conspiracy, a plaintiff must show:
   - o An **agreement** between two or more persons;
   - o To commit a wrongful act;
   - o Along with **acts in furtherance of the agreement**; and
   - o Resulting in **harm** to the plaintiff.

3. Beginning as early as November 2022 and continuing through 2025, Defendants engaged in a **coordinated campaign** to deprive Plaintiff of access to his home, property, intellectual work, legal claims, and court remedies.

4. The wrongful acts agreed upon and jointly undertaken included:

- Filing **false restraining orders** and **fabricated legal claims** to obtain possession of Plaintiff's home and assets (by **Marks**, aided by **Buffington**);
- **Concealing and destroying Plaintiff's property and business records**, carried out in coordination between **Marks** and **Storage Valet LLC**;
- **Suppressing legal service, eFiling, and access to court proceedings**, aided by **Buffington Law Firm attorneys**, including **MyTar**, **Goldsteine**, and **Torrey**;
- **Allowing unlawful entry and asset seizure** under color of law by **Samantha Mathias** of Seal Beach Police Department, despite no valid warrant or order.

5. Defendants **communicated repeatedly**, via email, court filings, and litigation tactics, to achieve a shared unlawful goal: to **isolate, discredit, and deprive Plaintiff** of his legal rights, assets, evidence, and remedies.

6. These acts were not isolated. They were:
   - **Planned and executed jointly**;
   - **Mutually reinforcing** (e.g., false court claims used to justify property theft, then used again to oppose ADA access or block discovery);
   - Designed to **mislead courts**, **evade service**, **delay Plaintiff's filings**, and **create a false narrative** around Plaintiff's character and legal position.

7. The result of this conspiracy was devastating:
   - **Loss of housing**, resulting in Plaintiff's forced relocation to Mexico;
   - **Destruction or theft of property**, including business IP, hard drives, financial and legal records;
   - **Severe emotional and physical distress**, including trauma, instability, and loss of access to medical support;
   - **Obstruction of justice**, including blocked motions, lost filings, and manipulated court rulings.

8. Each Defendant **knew or should have known** their participation would lead to foreseeable harm, and each committed overt acts in furtherance of the conspiracy.

9. Plaintiff respectfully requests:
   - **Joint and several liability** against all Defendants who participated;
   - **General and special damages** for loss of property, rights, income, and emotional harm;
   - **Punitive damages** under California Civil Code § 3294 for malicious and coordinated action;
   - **Equitable relief**, including court-supervised correction of prior rulings obtained through conspiracy;
   - **Costs of suit and such further relief** as the Court deems just and appropriate.

## Seventeenth Cause of Action

**Declaratory Relief**
*(Against All Defendants: Lindsey Marks, Wells Fargo & Co., Buffington Law Firm PC, Roger Buffington, Rye Mytar, Sam Goldsteine, Krysti Torrey, Samantha Mathias, Storage Valet LLC, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning Plaintiff's statutory rights, civil status, and the lawfulness of Defendants' conduct under:

   o **Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)**;
   o **42 U.S.C. § 1983** (denial of due process, unlawful seizure, denial of court access);
   o **California Welfare & Institutions Code § 15610.30** (protection of dependent adults from financial abuse); and
   o Related state and federal tort doctrines protecting property, legal access, and safety.

3. Plaintiff alleges and contends that:

   o He qualifies as a **dependent adult** under WIC § 15610.23 due to disability, medical hardship, and reliance on third parties for court access and housing;
   o IIe has **federal rights to accommodations** and access under the ADA, which have been repeatedly denied and retaliated against;
   o The seizure, concealment, and refusal to return his personal and business property were **unlawful** and done **without court order, due process, or legal authority**;
   o The use of court process and public claims to **defame, mischaracterize, and exclude** him from the judicial process was **unconstitutional** and retaliatory.

4. Defendants dispute or will likely dispute these rights and continue to engage in behavior that violates them—thus creating a **real, concrete, and ongoing legal controversy** suitable for judicial resolution under **28 U.S.C. § 2201 (Declaratory Judgment Act)** and **California Code of Civil Procedure § 1060**.

5. Plaintiff seeks a judicial declaration that:

   a. Plaintiff qualifies as a **protected dependent adult** under California law and is entitled to relief under WIC §§ 15600 et seq.;

   b. Defendants' actions violated Plaintiff's rights under **Title II of the ADA**, **42 U.S.C. § 1983**, and other federal statutes;

   c. Plaintiff is **entitled to accommodations and protections** in all future legal proceedings due to his disability and geographic limitations;

   d. Plaintiff's loss of housing, files, business assets, and legal rights constitutes a **pattern of wrongful deprivation** that must be recognized and remedied;

   e. Any rulings, orders, or procedural denials obtained through fraud, ADA suppression, or malicious abuse of process are **voidable or subject to vacatur**.

6. A declaratory judgment is **necessary and appropriate** to resolve the legal uncertainty that impedes Plaintiff's ability to access court, enforce his rights, and protect his property and person.

7. Plaintiff respectfully requests that this Court issue an order declaring Plaintiff's legal rights and status under the ADA, WIC § 15610.30, and related laws, and confirming the unlawfulness of Defendants' conduct.

8. Plaintiff further requests:

   o **Costs of suit and attorneys' fees** if appointed counsel is later provided;
   o **Further relief as the Court deems just and proper** under the Declaratory Judgment Act.

**Eighteenth Cause of Action**

**Injunctive Relief**
*(Against All Defendants: Lindsey Marks, Wells Fargo & Co., Buffington Law Firm PC, Roger Buffington, Rye Mytar, Sam Goldsteine, Krysti Torrey, Samantha Mathias, Storage Valet LLC, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.
2. Plaintiff seeks injunctive relief pursuant to:
   - **Federal Rule of Civil Procedure 65**,
   - **28 U.S.C. § 1651 (All Writs Act)**, and
   - The Court's inherent equitable powers.
3. As described throughout this Complaint, Defendants have engaged in a pattern of ongoing and retaliatory conduct—including suppression of ADA accommodations, conversion of Plaintiff's property, denial of court access, and obstruction of legal processes.
4. Unless restrained and enjoined by this Court, Defendants will continue to:
   - Retain and suppress access to Plaintiff's legal files, business assets, and IP materials;
   - Represent false and defamatory claims in state court proceedings to bias judicial rulings and justify procedural exclusion;
   - Engage in unauthorized litigation tactics despite being ethically conflicted or already named defendants in this federal action;
   - Block, delay, or deny Plaintiff's ADA accommodations and retaliate against him for protected filings.
5. Plaintiff has **no adequate remedy at law**, as monetary damages alone cannot remedy:
   - The loss of court access in active proceedings;
   - The suppression of irreplaceable evidence and case files;
   - The ongoing denial of accommodations needed for Plaintiff's participation in court and his safety as a dependent adult.
6. Plaintiff therefore requests the following **immediate and permanent injunctive relief**:

   a. An order compelling Defendants to **return or release** all of Plaintiff's retained legal files, IP property, hard drives, and business records;
   b. An order **prohibiting further retaliation** against Plaintiff in any legal proceeding, including mischaracterization, obstruction, or refusal to honor disability accommodations.
   c. An order **enjoining Buffington Law Firm, PC and its attorneys from representing any party in Plaintiff's related state civil matter** (Case No. 30-2023-01300519) while simultaneously being defendants in this federal action;
   d. An order requiring all Defendants to **cease destruction, alteration, or concealment of any materials** related to Plaintiff's property, communications, or civil litigation history;
   e. An order prohibiting **any further contact, intimidation, or interference** with Plaintiff's access to courts, storage locations, bank records, or protected medical files.

7. Plaintiff has already demonstrated irreparable harm, a likelihood of success on the merits, and a strong public interest in preventing further abuse and retaliation against a disabled pro se litigant.

8. Plaintiff respectfully requests:
   - **A preliminary injunction** pending trial and
   - **A permanent injunction** upon final judgment,
   - Along with **costs of suit**, and any further relief this Court deems just and proper.

## Nineteenth Cause of Action

**Unjust Enrichment**
*(Against Defendants Lindsey Marks, Wells Fargo & Co., Buffington Law Firm PC, Roger Buffington, Rye Mytar, Sam Goldsteine, Krysti Torrey, Storage Valet LLC, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Under California law, a party is liable for **unjust enrichment** when:
   - The defendant receives a **benefit**,
   - The benefit is **at the expense of the plaintiff**, and
   - **It would be unjust** to allow the defendant to retain that benefit without compensation.

3. Defendants engaged in conduct that resulted in substantial and wrongful gains at Plaintiff's expense, including:

   a. **Theft, conversion, or concealment** of Plaintiff's business property, including hard drives, client files, and intellectual property—transferring the value of those assets to themselves;

   b. **Improper access to Plaintiff's residence**, leading to personal enrichment through acquisition of secured storage, electronic equipment, and furnishings;

   c. **Benefit from judicial obstruction**—by using false narratives to gain favorable rulings, delay proceedings, or block Plaintiff's filings, while continuing to accrue attorney's fees and manipulate court outcomes;

   d. **Refusal to return critical materials** that allowed Defendants to maintain procedural advantages in state litigation and undermine Plaintiff's due process rights.

4. As a direct result of this unlawful conduct, Defendants received:
   - **Possession and use of valuable business assets**,
   - **A strategic advantage in litigation**,
   - **Financial gain through abusive legal process**, and
   - **Ongoing control over personal property and reputation-based leverage**.

5. Plaintiff has been correspondingly deprived of:
   - **The use and economic value of his intellectual property and business records**;
   - **His ability to litigate fairly or recover stolen assets**;

- o **Due process protections guaranteed under law**;
- o **Reputational standing**, necessary for securing employment, clients, or investment.
6. Allowing Defendants to retain these benefits—gained through fraud, conversion, ADA suppression, and abuse of process—would be **unconscionable** and violates equitable principles of restitution.
7. Plaintiff respectfully requests:
   - o **Restitution in the full amount of the value unjustly retained**, including business earnings, licensing rights, and the value of withheld or destroyed personal property;
   - o **Disgorgement of any profits or value** obtained through misappropriated court rulings, false service claims, or procedural manipulation;
   - o **Imposition of a constructive trust** on any items, assets, or income currently held by Defendants that were obtained by wrongful means;
   - o **Costs of suit and such further equitable relief** as the Court deems just and proper.

## Twentieth Cause of Action

**Equitable Accounting**
*(Against Defendants Lindsey Marks, Wells Fargo & Co., Storage Valet LLC, Buffington Law Firm PC, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.
2. Plaintiff brings this action for **equitable accounting** because Defendants possess or control **business records, assets, financial transactions, storage records, and litigation-related evidence** to which Plaintiff has a legal right of access, but which have been unlawfully concealed, withheld, or manipulated.
3. Under California and federal equitable principles, a cause of action for accounting arises when:
   - o A **fiduciary relationship or special circumstance** exists between parties, and
   - o **An account of dealings is necessary** to determine the extent of damages or property misappropriation.
4. The circumstances here warrant equitable intervention:
   - o **Lindsey Marks** held joint property and financial accounts with Plaintiff and took unilateral action to liquidate or transfer assets (e.g., vehicles, rent deposits, electronic equipment, stored materials) without notice or consent.
   - o **Wells Fargo & Co.** handled accounts and liens directly tied to Plaintiff's property interests and facilitated unauthorized transfers, ignoring Plaintiff's lis pendens notices and asset protection claims.
   - o **Storage Valet LLC** took possession of Plaintiff's business and personal property during the constructive eviction and now refuses to release a full, itemized list of removed materials, even after being placed on notice of dispute.
   - o **Buffington Law Firm PC**, through its filings and suppression of evidence in the state court case, gained access to, or indirectly retained, exhibits, filings, hard

drives, or business records belonging to Plaintiff—used strategically to manipulate court access and delay litigation.

5. Plaintiff **cannot ascertain the full scope of damages or missing property** without an accounting from these Defendants, who are in exclusive possession of:
    o Business asset inventories;
    o Banking or lien enforcement histories;
    o Storage access logs and documentation;
    o Court exhibits and physical materials removed from Plaintiff's former residence or office.

6. This accounting is necessary not only to determine damages, but also to restore Plaintiff's legal and business rights, and to prevent further misappropriation, concealment, or destruction of evidence.

7. Plaintiff seeks a full accounting that includes:

a. **Identification of all property removed**, stored, or sold by Marks, Storage Valet, or their agents;

b. **All account records and lien transactions** managed by Wells Fargo related to Plaintiff's vehicle, business holdings, or joint financial instruments;

c. **All filings, exhibits, hard drives, and legal work product** used or possessed by Buffington Law Firm that originated from Plaintiff;

d. **All communications and transaction records** between any of the named Defendants related to these assets or filings.

8. Plaintiff respectfully requests that the Court:
    o **Order Defendants to produce a verified and complete accounting** of all relevant assets, records, and transactions described herein;
    o **Appoint a special master or discovery referee** to oversee the accounting if necessary;
    o **Grant equitable relief, restitution, and full recovery of any misappropriated assets or funds**, as shown by the accounting;
    o And award **costs of suit and any other relief** the Court deems just and appropriate.

## Twenty-First Cause of Action

**Violation of Federal Mail Theft Statute (18 U.S.C. § 1708)**
*(Against Lindsey Marks, Buffington Law Firm PC, Roger Buffington, and DOES 1–43)*

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

2. Under **18 U.S.C. § 1708**, it is a federal crime to steal, take, or conceal any mail or court document from an authorized delivery source, including legal filings, court notices, or ROA entries.

3. Defendants intentionally intercepted, delayed, or destroyed mail sent to Plaintiff, including:
    o Notices of rulings;

- o Court disability accommodation responses;
- o Certificates of service;
- o Filed pleadings (ROA 812 and others).

4. At least some of this mail was **certified and recorded as "served" by court staff**, yet Plaintiff—residing at the listed foreign address—**never received** any physical mail.

5. Buffington Law Firm and/or its staff **continued to rely on false certificates of mail service**, knowingly creating the illusion that Plaintiff was served when he was constructively excluded.

6. These actions constitute **intentional interference with federal mail processes**, materially harming Plaintiff's procedural rights, including:
   - o Missed deadlines;
   - o Inability to oppose rulings;
   - o Loss of rights under CCP § 437c(b)(3) and due process.

7. Plaintiff respectfully seeks:
   - o A judicial finding of mail interference;
   - o Equitable and injunctive relief ensuring proper service going forward;
   - o Civil remedies for deprivation of access under related federal doctrines;
   - o Referral to federal postal authorities and/or sanctions.


## Twenty-Second Cause of Action

**Retaliation and Denial of Access to Courts**
*(42 U.S.C. § 1983 and ADA Title II – 42 U.S.C. § 12132)*
*(Against All Defendants)*

1. Plaintiff re-alleges and incorporates all prior paragraphs.

2. Plaintiff exercised his protected rights under:
   - o **ADA Title II** (requesting accommodations, e-filing access); and
   - o **First and Fourteenth Amendments** (petitioning the courts, filing complaints, seeking judicial relief).

3. Defendants, in response, engaged in **coordinated retaliation**, including:
   - o Blocking eFiling rights and responses;
   - o Withholding case files;
   - o Filing false declarations to strike his pleadings;
   - o Refusing to participate in hearings or serve papers properly.

4. This conduct violated:
   - o Plaintiff's **ADA-protected access to courts**;
   - o His **civil right to be free from retaliation** for asserting those rights;
   - o And his **constitutional due process rights**.

5. Plaintiff seeks compensatory and punitive damages, and injunctive relief prohibiting further retaliation.

# Twenty-Third Cause of Action

**Violation of California Rules of Professional Conduct – Rule 3.3**
**(Candor Toward the Tribunal)**
*(Against Roger Buffington, Rye Mytar, Sam Goldsteine, Krysti Torrey, and Buffington Law Firm PC)*

1. Plaintiff incorporates all prior allegations.
2. California Rule of Professional Conduct **3.3(a)(1)** prohibits attorneys from knowingly making false statements of fact or law to a tribunal.
3. Defendants violated this rule by:
    - Filing knowingly false declarations of service;
    - Misrepresenting eFiling failures as "client error";
    - Hiding conflicts of interest;
    - Submitting pleadings omitting key procedural facts.
4. This misconduct influenced judicial rulings and prejudiced Plaintiff.
5. Plaintiff seeks:
    - Equitable remedies including issue sanctions;
    - Disqualification of conflicted counsel;
    - Referral to the State Bar for discipline.

# Twenty-Fourth Cause of Action

**Unlawful Seizure and Deprivation of Property Under Color of Law**
*(42 U.S.C. § 1983 – Fourth and Fourteenth Amendments)*
*(Against Samantha Mathias, Lindsey Marks, Seal Beach PD Doe Officers, and DOES 1–10)*

1. Plaintiff incorporates all preceding allegations.
2. On or about **November 5, 2022**, Defendant **Samantha Mathias**, acting under color of law as a Seal Beach Police Officer, entered Plaintiff's residence and enforced an alleged restraining order **that did not legally exist**.
3. As a result, Plaintiff was:
    - Forcibly removed from his home;
    - Denied entry to recover business property;
    - Blocked from accessing secured areas containing hard drives, evidence, and legal materials.
4. Meanwhile, **Marks and associates entered the premises**, aided by law enforcement in direct violation of Plaintiff's Fourth Amendment rights.
5. No search warrant, court order, or legal process authorized the seizure or deprivation.
6. This unlawful act of **state-assisted conversion** deprived Plaintiff of liberty and property interests protected by both federal and state law.
7. Plaintiff seeks:
    - A finding of **constitutional violation** under 42 U.S.C. § 1983;
    - Monetary damages for lost property and trauma;

- o Injunctive and declaratory relief;
- o Attorney's fees and equitable remedies.

# V: PRAYER FOR RELIEF

WHEREFORE, Plaintiff **ROBERT SAFARI**, respectfully requests that the Court enter judgment in his favor and against all named Defendants—**LINDSEY J. MARKS, WELLS FARGO & COMPANY, BUFFINGTON LAW FIRM, PC, ROGER BUFFINGTON, RYE MYTAR, SAM GOLDSTEINE, KRYSTI TORREY, SAMANTHA MATHIAS (in her individual and official capacities), STORAGE VALET, LLC, and DOES 1 through 43**—as follows:

## A. Compensatory Damages

1. For general damages in an amount to be proven at trial, including:
   - o Loss of property, assets, and income;
   - o Loss of business and professional opportunity;
   - o Out-of-pocket litigation and storage costs;
   - o Emotional distress, suffering, and trauma;
   - o Constructive eviction-related displacement and forced exile.
2. For special damages arising from:
   - o Theft and conversion of intellectual property and electronics;
   - o Destruction and withholding of legal case files and evidence;
   - o Fraudulent litigation costs and expenses;
   - o Retaliation against Plaintiff for exercising ADA and civil rights.

## B. Statutory Damages

3. Pursuant to:
   - o **42 U.S.C. § 1983** – Civil rights violations;
   - o **42 U.S.C. § 12132 (ADA Title II)** – Denial of accommodations;
   - o **California WIC § 15610.30** – Financial abuse of a dependent adult;
   - o **18 U.S.C. § 1505 and § 1708** – Obstruction and mail fraud;
   - o **California Rules of Professional Conduct, Rule 3.3** – Sanctionable attorney misconduct.
4. Treble or enhanced damages where permitted by statute, including under the **ADA** and **Welfare & Institutions Code**.

## C. Injunctive Relief

5. A preliminary and permanent injunction restraining Defendants from:
   - o Further denial of ADA access and services;
   - o Continued interference with Plaintiff's legal rights;
   - o Retention or destruction of Plaintiff's personal and business property;
   - o Filing documents on behalf of adverse parties while ethically conflicted.

6. An order compelling the **return of Plaintiff's case files, property, and evidence**, including digital and hardcopy materials.

7. An order requiring **Buffington Law Firm, PC and all named attorneys to withdraw** from adverse representation in related civil matters due to ethical conflict and Rule 1.7(a) violations.

## D. Declaratory Relief

8. A judicial declaration that:
   - Plaintiff was wrongfully excluded from state proceedings in violation of federal law;
   - Defendants' actions constituted unlawful ADA retaliation and civil rights obstruction;
   - The Court recognizes Plaintiff's rights to participate fully in his ongoing state and federal cases without retaliation, obstruction, or concealment.

## E. Equitable Relief

9. Imposition of a **constructive trust** over any property, money, records, or assets obtained by Defendants from Plaintiff's person, home, or business.

10. An **order for full accounting** of all property, financial records, and communications relating to the seizure, concealment, or conversion of Plaintiff's materials.

## F. Costs and Fees

11. For recovery of **costs of suit**, including:

- E-filing fees;
- Court transcription or records costs;
- Exhibit preparation;
- International document access fees;
- Fees related to certified copies and court access barriers.

12. For **reasonable attorney's fees and litigation support** pursuant to:

- **42 U.S.C. § 1988 (civil rights litigation)**;
- **ADA Title II fee-shifting provisions**;
- **California Code of Civil Procedure § 1021.5** (public interest attorney fees, if later represented).

## G. Other Relief

13. **Any further relief** the Court deems just, equitable, and proper under the circumstances— including:

- Referral to the U.S. Department of Justice or U.S. Postal Inspection Service;

- Sanctions for obstruction and misconduct;
- Relief from procedural defaults in state proceedings caused by the acts alleged herein.

# DEMAND FOR JURY TRIAL

Pursuant to **Rule 38 of the Federal Rules of Civil Procedure**, **Plaintiff ROBERT SAFARI** hereby demands a **trial by jury on all issues so triable** in this action.

Plaintiff asserts that the legal and factual issues raised—particularly those involving violations of civil rights, the Americans with Disabilities Act (ADA), federal obstruction statutes, constitutional torts, fraud, defamation, and financial abuse—are **entitled to jury adjudication under the Seventh Amendment** to the United States Constitution and relevant federal statutes.

# EXHIBIT LIST IN SUPPORT OF VERIFIED FEDERAL COMPLAINT

**Plaintiff: Robert Safari**
**Case No.:**

| Exhibit | Description | Source | Relevance |
| --- | --- | --- | --- |
| A | ROA 259 – Defendant's Motion to Compel Discovery | Orange County Superior Court | Demonstrates defense obstruction and misuse of discovery |
| B | ROA 300–368 Index – Plaintiff's ADA Motions, Judicial Notice Requests, and MSJ Exhibits | Plaintiff's state filings | Evidence of procedural filings ignored or suppressed |
| C | ROA 436–544 – Summary Judgment Exhibits (Videos, Photos, Records) | Plaintiff's state court MSJ packages | Key undisputed evidence of eviction, police action, and property seizure |
| D | ROA 668–786 – Post-MSJ Disqualification, ADA, and Retaliation Motions | Verified court record | Documents retaliation, denial of ADA rights, and judge's post-disqualification ruling |
| E | ROA 807–812 – Disability Requests, Mail Service Proofs, Court Denials | State court register | Proves Plaintiff never received required court mail, implicating 18 U.S.C. § 1708 |
| F | Plaintiff's Motion for Summary Judgment (Feb 2025) | Filed MSJ | Establishes legal theory of fraud, constructive eviction, and mail concealment |

| Exhibit | Description | Source | Relevance |
|---|---|---|---|
| **G** | Judicial Complaint to California CJP (Entry #10,631) | Filed May 12, 2025 | Confirms protected conduct prior to retaliation (ROA 757 strike order) |
| **H** | DOJ Civil Rights Complaint Tracking #609772-JMT | Filed May 12, 2025 | Reinforces ADA and civil rights claims under § 1983 and Title II |
| **I** | Police Report – Seal Beach PD (Redacted copy) | Plaintiff exhibit | Shows unlawful entry and false representation of non-existent court order |
| **J** | Email from Buffington Law dated April 2025 re: denial of case file return | Plaintiff records | Supports claims for obstruction, fraud, and conversion |
| **K** | Screenshot: TraQ7 Court Portal showing filings submitted but ignored | Filed with prior judicial notice | Proves denial of access to court and service sabotage |
| **L** | Videos of Nov. 5, 2022 eviction and forced removal | Exhibit to MSJ | Core evidence of constructive eviction, unlawful seizure under color of law |
| **M** | E-Service Receipts and OneLegal Confirmations | February–May 2025 | Confirms filings submitted and served, despite court ignoring them |
| **N** | Email to Buffington Notifying of Federal Lawsuit (June 9, 2025) | Plaintiff email record | Establishes conflict of interest and violation of Rule 1.7 |
| **O** | Plaintiff's Affidavit of ADA Need + Medical Certificate | Previously submitted | Reinforces ADA standing and dependent adult status under WIC § 15610.23 |
| **P** | Court Order Denying ADA Request Without Review (ROA 752) | OC Court | Documents denial of accommodations in violation of ADA Title II |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

**IN SUPPORT OF VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

**Plaintiff:** Robert Safari
**Defendants:** Lindsey J. Marks, Buffington Law Firm PC, et al.
**Jurisdiction:** U.S. District Court, Central District of California

1

# I. INTRODUCTION

Plaintiff **Robert Safari**, a pro se litigant with ADA-recognized disabilities, brings this federal civil rights action to redress an ongoing pattern of retaliation, constructive eviction, evidentiary sabotage, conversion of business property, denial of ADA accommodations, and fraudulent abuse of court processes by private and public actors.

This action arises under **42 U.S.C. § 1983**, **Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)**, **18 U.S.C. §§ 1505 and 1708**, **California Welfare & Institutions Code § 15610.30**, and other related doctrines of state and federal law.

# II. LEGAL STANDARDS

## A. Federal Civil Rights – 42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege:

1. That the defendant acted under color of state law; and
2. That the conduct deprived the plaintiff of a constitutional right.
   (*West v. Atkins*, 487 U.S. 42, 48 (1988)).

Private actors (e.g., Lindsey Marks, Buffington) who act jointly with law enforcement or use official processes for deprivation may be liable under § 1983. (*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)).

## B. ADA Title II – 42 U.S.C. § 12132

Title II prohibits a public entity from excluding a qualified individual with a disability from participation in, or denying them the benefits of, services, programs, or activities.
To prevail, Plaintiff must show:

1. He is a qualified individual with a disability;
2. He was denied meaningful access or participation in court proceedings;
3. The denial was due to his disability.
   (*Tennessee v. Lane*, 541 U.S. 509 (2004)).

The denial of eFiling access, failure to serve ROA documents, and refusal to acknowledge ADA requests meets this standard.

## C. Financial Abuse of a Dependent Adult – WIC § 15610.30

Under California law, a dependent adult includes individuals with disability, isolation, or diminished capacity.
Liability attaches where a person or entity:

- Takes, retains, or assists in taking assets of a dependent adult; and
- Does so for wrongful use or with intent to defraud.
  (*Das v. Bank of America*, 186 Cal. App. 4th 727 (2010)).

Marks, Storage Valet, and others removed assets during a false TRO incident. Plaintiff was displaced, his files seized, and his livelihood disrupted.

## D. Obstruction of Justice – 18 U.S.C. § 1505

Whoever corruptly obstructs or impedes the due administration of justice in an agency or court proceeding violates § 1505.

- Filing knowingly false declarations, concealing evidence, and coordinated court sabotage fall within this scope.
  (*United States v. Aguilar*, 515 U.S. 593 (1995)).

## E. Mail Theft – 18 U.S.C. § 1708

This statute criminalizes theft, concealment, or destruction of any item from the U.S. mail system. In civil litigation, this also supports injunctive relief where access to court records is blocked.
Plaintiff never received court service (e.g., ROA 812), despite verified clerk entries of mailing.

## F. Ethical Violations – Rule 3.3, Candor Toward the Tribunal

California Rule of Professional Conduct 3.3(a)(1) prohibits false statements of fact or law made knowingly to the court.
Buffington attorneys repeatedly:

- Misrepresented Plaintiff's service status;
- Withheld material conflicts;
- Continued to represent adverse parties while named defendants.

1  These actions support sanctions, disqualification, and equitable intervention.

2

3  **G. Constitutional Torts – Fourth and Fourteenth Amendments**

4  Plaintiff alleges constructive seizure of assets and denial of liberty without legal process.

5  • The **Fourth Amendment** protects against unlawful search and seizure.
6  • The **Fourteenth Amendment** guarantees due process and equal protection.

7  When police (Samantha Mathias) enforce a non-existent order, facilitate private asset seizure,
8  and suppress procedural rights, a § 1983 claim is valid. (*Soldal v. Cook County*, 506 U.S. 56
9  (1992)).

10

# III. EQUITABLE AND INJUNCTIVE RELIEF STANDARD

13  Under **Winter v. NRDC**, 555 U.S. 7 (2008),** injunctive relief is warranted when:**

14  1. Plaintiff is likely to succeed on the merits;
15  2. Plaintiff is likely to suffer irreparable harm absent relief;
16  3. The balance of equities favors Plaintiff;
17  4. An injunction is in the public interest.

18  Plaintiff meets all elements:

19  • His access to court has been repeatedly denied;
20  • Defendants continue to block procedural participation;
21  • His property and medical needs remain at risk;
22  • He is a pro se litigant with disabilities, seeking redress and protection.

23

# IV. CONCLUSION

25  Plaintiff respectfully requests that this Court:

26  • Allow this Complaint to proceed in full;
27  • Grant preliminary and permanent injunctive relief;
28  • Issue declaratory judgment as to ADA and constitutional violations;
29  • Award damages, sanctions, and other just relief based on the verified evidence, exhibits,
30    and filings submitted herewith.

1

# VERIFIED DECLARATION OF PLAINTIFF ROBERT SAFARI

**IN SUPPORT OF VERIFIED FEDERAL COMPLAINT**

I, **Robert Safari**, declare as follows:

1. **Personal Background**
   I am the Plaintiff in this action and a self-represented litigant. I am over the age of 18 and legally competent to testify. I currently reside in Mexicali, Baja California, Mexico. I submit this verified declaration under penalty of perjury in support of my federal civil rights complaint.

2. **Disability and ADA Status**
   I am a qualified individual with a disability under **Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)**. I have submitted multiple ADA accommodation requests to the Orange County Superior Court between December 2024 and May 2025. These requests included assistance with eFiling, transcript access, and alternative methods for accessing mailed court documents.

3. **Access Barriers and Constructive Exclusion**
   Despite my documented disability and inability to travel due to forced medical exile, the Superior Court failed to provide accommodations and repeatedly certified mailings that I never received. I live outside the United States and have not received a single court-issued document by mail. I was denied access to case-critical filings, including ROA 812 (Certificate of Mail re ADA request), and forced to pay out of pocket just to download court documents online—despite a granted fee waiver.

4. **Judicial Misconduct and Retaliation**
   Judge Thomas S. McConville of the Orange County Superior Court struck my Motion to Recuse him (ROA 757) despite his disqualification under **CCP § 170.4(d)**. This occurred after I filed a judicial complaint with the California Commission on Judicial Performance (**Complaint #10,631**) and a federal civil rights complaint with the U.S. Department of Justice (**Tracking #609772-JMT**), both lodged on May 12, 2025.

5. **Evidence of Conversion, Fraud, and Seizure**
   On November 5, 2022, I was constructively evicted from my home and business without a valid court order. Defendant **Lindsey J. Marks**, with assistance from Seal Beach PD Officer **Samantha Mathias**, orchestrated the illegal removal of my belongings, including sensitive business records, hard drives, and legal materials. Police bodycam videos and three cellphone recordings submitted with my state MSJs confirm there was no TRO, no eviction order, and no legal authority for the seizure.

6. **Attorney Misconduct**
   Defendants **Roger Buffington, Buffington Law Firm PC, Rye Mytar, Sam Goldsteine, and Krysti Torrey** have obstructed my access to my legal case files, falsely

claimed I was served or appeared at hearings, and continued representing co-defendant **Lindsey Marks** while simultaneously becoming parties to this litigation. Their misconduct violates **California Rules of Professional Conduct Rule 3.3 (Candor)** and **Rule 1.7 (Conflicts of Interest)**.

7. **ROA Evidence and Exhibits**
   I incorporate and reference the following Orange County Superior Court records and federal exhibits:

   - **ROA 259, 300–368, 436–544, 668–786, and 807–812**
   - **Exhibits A–P**, including my MSJs, ADA notices, police report, DOJ complaint, videos, screenshots, and court communications

8. **Efforts to Resolve and Seek Protection**
   I have exhausted administrative and procedural remedies. I sought accommodation, appealed ADA denials, and warned Defendants of conflict. These efforts were ignored or suppressed, culminating in a pattern of retaliation and systemic exclusion.

**I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.**

Executed on this **11th day of June, 2025**, in **Mexicali, Baja California, Mexico**.

*Robert Safari*
_____

**Robert Safari**
Plaintiff in Pro Se
RSAFARI2015@YAHOO.COM
310-919-8553